USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 02/06/20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

HENRY JONES,

                        Plaintiff,

          -against-

THE CITY OF NEW YORK, et al.,

                        Defendants.

------------------------------------------------------------------X

18-CV-4064 (GBD) (KHP)

**OPINION & ORDER**
**ON MOTION TO AMEND**

**JUDGE: KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

        This case arises out of Plaintiff Henry Jones's arrest and prosecution for possessing a gun and ammunition, and subsequent acquittal on all charges by a jury.

        On January 9, 2016, Jones, who was then 19 years old, attended a party in the Bronx. A fight broke out at the party, which resulted in Jones, quite smartly, deciding to leave the party. As Jones was leaving, the fight moved outside, and a number of partygoers elected to stay and watch. A gun or guns were fired, causing Jones and others to run away in fear of their safety.

        Police Officers Ruben Serrano, Saul Quiles Morales, and Sherrod Stuart ran in the direction of people whom they believed to have been involved in the fight and/or to have fired a gun during the fight. It turns out, Jones happened to be running in the same direction as another person running from the fight, Christopher Rice, who in fact possessed a gun. Rice and police engaged in a shootout. During the course of the chase and shooting, Police Officer Sherrod Stuart was shot in the foot. Rice was eventually caught after a chase, charged with various crimes and convicted.

As Jones was running, Police Officer Serrano commanded him to stop and get down. Jones complied. Serrano approached Jones and asked him to move to a nearby grassy area where a gun was lying on the ground. Jones said it was not his gun. However, Serrano, believing the gun belonged to Jones and had possibly been the source of Stuart's gunshot wound, arrested Jones.

Serrano completed a police report stating that he saw Jones with a gun and then hand off the gun to another person who threw the gun in the grass and ran away. Defendant Police Officer Ryan also participated in filing a report against Jones. The other person who Serrano said threw the gun in the grass was never apprehended. Serrano repeated his report to the District Attorney and then to a grand jury, which indicted Plaintiff. Serrano also testified in court against Jones. Police Officer Morales testified that he did not see Jones with a gun. Police Officer Stuart also did not see Jones with a gun. It further turned out that Stuart was shot by a fellow police officer and that there was no physical evidence, such as DNA or fingerprints, connecting Jones to the gun. Jones maintained his innocence throughout, voluntarily testified on his own behalf before the grand jury, and, as noted above, ultimately was acquitted by a jury.

Jones was detained for approximately 61 days in jail while awaiting trial. Plaintiff originally brought claims of false arrest and imprisonment and malicious prosecution in violation of his civil rights. He also asserted claims against the City of New York on a respondeat superior theory.

Jones changed counsel several times in this case. His current counsel began representing him mid-way through discovery and requested permission to file an amended

complaint adding a claim of fabrication of evidence/deprivation of a fair trial and dropping the claims against Defendant Morales. Defendants oppose the addition of the new cause of action. For the reasons set forth below, the Court grants the motion to amend.

**Legal Standard**

Under Rule 15(a), a party may amend its pleading once as a matter of course within an initial 21-day time period after filing. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Court of Appeals for the Second Circuit has stated that "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (citation omitted). Under Rule 15(a), leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000).

Where, as here, there is a scheduling order in place that establishes a deadline for seeking leave to amend, "the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 16(b)(4) ("[A scheduling order] may be modified only for good cause and with the judge's consent."). Whether a movant has complied with Rule 16's good cause requirement "is a threshold matter which may

3

obviate the Rule 15 analysis." *Goureau v. Goureau*, No. 12 Civ. 6443 (PAE), 2013 WL 1499404, at *2 (S.D.N.Y. Apr. 10, 2013)).

The determination of whether good cause exists under Rule 16(b) largely turns on the diligence of the moving party. *Holmes*, 568 F.3d at 335; *see also Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (explaining that, to show good cause, a moving party must demonstrate that "despite its having exercised diligence, the applicable deadline could not have been reasonably met" (citation omitted)). Courts may also consider where there will be significant prejudice to the non-moving party. *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 197 (S.D.N.Y. 2014). The burden to demonstrate "good cause" rests with the movant, and the burden of demonstrating prejudice rests with the non-movant. *Id.* at 198 (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *Ritchie Risk– Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 78– 79 (S.D.N.Y. 2012)). Generally, the moving party fails to show good cause when the proposed amendments rely on information "that the party knew, or should have known, in advance of the deadline." *King-Devick Test Inc. v. NYU Langone Hosps.*, No. 17-CV-9307 (JPO), 2019 WL 3071935, at *3 (S.D.N.Y. July 15, 2019) (citation omitted).

If the moving party demonstrates good cause under Rule 16(b), courts then apply Rule 15(a) to determine whether the amendment is otherwise proper. *E.g.*, *Samad Bros. v. Bokara Rug Co. Inc*, No. 09 Civ. 5843(JFK)(KNF), 2010 WL 4457196, at *2 (S.D.N.Y. Oct. 18, 2010). District courts have broad discretion to grant or deny leave to amend under Rule 15(a). *See Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174 (S.D.N.Y. 2014) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, (1971)). A court also

may deny a request for leave to amend where the request was made in bad faith or for tactical reasons, will cause undue delay, or will prejudice the nonmoving party. *E.g., McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks and citation omitted); *see also Friedl v. City of New York*, 210 F.3d 79, 88 (2d Cir. 2000) (permitting amendment following discovery of relevant facts). When evaluating prejudice, courts consider whether the assertion of the new claim would have a substantial impact on the existing proceedings, would force defendants to expend significant additional resources to defend, and would significantly delay resolution of the dispute. *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 727 (2d Cir.2010 (citing *Block*, 988 F.2d at 350); *Baez v. Delta Airlines, Inc.*, No. 12 CIV. 3672 KPF, 2013 WL 5272935, at *8 (S.D.N.Y. Sept. 18, 2013).

**Discussion**

Defendants principal objection to the proposed additional cause of action is delay. They do not claim prejudice, nor can they. The new cause of action does not require any additional discovery. Defendants claim they want to depose Plaintiff on the factual basis for his claim of fabrication of evidence. Plaintiff, however, has no personal knowledge about this other than testimony that he already gave. The claim is based on the fact that Plaintiff has maintained since the night of the incident that he did not possess a gun; a jury acquitted him; no other police officer at the scene, besides Serrano, saw Plaintiff with a gun; and the cross examination

of Serrano. There is nothing new that can be discovered by reopening the deposition of Plaintiff.

The Court also finds that Plaintiff's new counsel did not unduly delay their request to add this cause of action. They made the request shortly after deposing Police Officer Stuart, which they say tilted the evidence in support of bringing the new cause of action and only was just discovered. Counsel moved with alacrity in seeking to add the new claim. The Court also notes that Plaintiff's new counsel has quickly gotten up to speed on the facts and complied with all obligations and otherwise actively participated in discovery. There is no basis for finding lack of diligence.

The new cause of action will not delay resolution of the case. No trial has been set, and summary judgment briefing has not yet begun. Given the broad discretion the Court has in determining motions to amend, and in keeping with this Circuit's preference for resolving disputes on the merits, the Court grants Plaintiff permission to add the new cause of action.

**Conclusion**

For the reasons set forth above, Plaintiff's motion to amend is granted. Consistent with the Court's direction at the February 5, 2020 conference, the parties shall meet and confer as to the final version of the Amended Pleading and Plaintiff shall file the Amended Complaint on ECF by no later than **February 10, 2020**.

**SO ORDERED.**

DATED: New York, New York
February 6, 2020

_____
KATHARINE H. PARKER
United States Magistrate Judge