UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HENRY JONES,

                                               Plaintiff,      **AMENDED COMPLAINT WITH JURY DEMAND**

      -against-

THE CITY OF NEW YORK; POLICE
OFFICER RUBEN SERRANO SHIELD NO. 13592;
POLICE OFFICER DANIEL RYAN SHIELD NO. 5262,

                                    Defendants.

DOCKET # 18CV04064 (GBD)(KHP)

------------------------------------------------------------------------ x    ECF CASE

## PRELIMINARY STATEMENT

1. On January 9, 2016, Police Officer Quiles Morales shot his partner, Police Officer Sherrod Stuart. When Officer Stuart testified to the Grand Jury in connection with this incident, he stated that he was shot, but failed to mention that it was not a civilian or the defendant who shot him, but another police officer. Plaintiff Henry Jones was subsequently wrongfully arrested and charged with possession of a firearm at the scene of the shooting.

2. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

3. The claims arise from the aforementioned January 9, 2016 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest and malicious prosecution.

4. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

5. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party and supplemental jurisdiction is asserted.

6. The amount in controversy exceeds $75,000.00 excluding interest and costs.

7. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

8. Plaintiff Henry Jones is a 19 year old black male and a citizen of the United States and at all times here relevant residing in New York County in the City and State of New York.

9. The City of New York is a municipal corporation organized under the laws of the State of New York.

10. All other defendants were at all times here relevant employees of the NYPD, and are sued in their individual and official capacities.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

12. On January 9, 2016 at approximately 2:00 a.m., plaintiff was leaving a party. The party was in a room in the approximate vicinity of Lincoln Avenue, Third Avenue and East 137th Street in the Bronx, NY.

13. Some groups of people who had also been at the party were fighting outside. Henry Jones was not involved or participating in any way in any of the fights.

14. Within a few moments, Mr. Jones heard gunshots, and he hit the ground, obviously not

wanting to be shot.

15. Defendant Police Officer Serrano, and non-Defendant Police Officers Quiles Morales and Sherrod Stuart, were partner that day and responded to the scene.

16. Plaintiff started to get back up but a police officer on the scene told him to get back down, he complied with the demand.

17. Another officer came to him. Upon information and belief, the officer was Defendant Police Officer Serrano.

18. Defendant Serrano moved him from where he was to a location next to a grassy area. There was a gun in the grass. Mr. Jones protested "it's not my gun", to which defendant Serrano in sum and substance that it did not matter, it is his today.

19. Defendant Serrano arrested him at the scene.

20. Defendant Police Officer Ryan signed an accusatory instrument, to wit, a Criminal Complaint, charging Mr. Jones with three felonies and two misdemeanors. The Criminal Complaint signed by Ryan states that the grounds for his belief that plaintiff committed such crimes is based on the information provided to him by defendant Officer Serrano.

21. Defendants Serrano and Ryan caused false information to be shared with the Bronx County District Attorney.

22. Among the specific false information shared with the Bronx County District Attorney was set forth in the New York City Police Department Omniform System- Arrests form for the arrest of Henry Jones, wherein under details it was typed: "AT T/P/O DEFENDANT WAS OBSERVED IN POSSESSION OF A LOADED FIREARM." (See D 001).

23. Defendant Serrano provided additional false information to the Bronx County District Attorney including the allegation that he observed Henry Jones hand a firearm to an unapprehended male individual, who thereafter threw the firearm to the ground into a grassy area

nearby.

24. Based on this false information, Henry Jones was arrested on January 9, 2016 and on January 10, 2016 arraigned on the charges of (i) Criminal Possession of a Weapon in the 2nd Degree (2 counts); Criminal Possession of a Weapon in the 4th Degree; Criminal Possession of a firearm; Possession of Ammunition.

25. On January 10, 2016, Henry Jones was held in jail on $100,000 bail.

26. Defendant Officer Serrano fabricated testimony to the Bronx County Grand Jury, claiming that he saw plaintiff holding a gun at the scene of the incident, saw him hand off the gun to another "unapprehended male", who then threw it, loaded, on to the grass.

27. On the basis of the fabricated Grand Jury testimony by Defendant Officer Serrano, plaintiff was indicted by the Grand Jury on January 20, 2016.

28. Defendant Officer Serrano further fabricated testimony in the Mapp hearing on January 10, 2018.

29. Plaintiff denies that he had any possession of any firearm that evening or that he committed a crime. He denies having any knowledge of the weapon that was recovered.

30. Due to the transmission of the false statement from Defendants Serrano and Ryan to the Bronx County District Attorney's Office, Henry Jones was incarcerated and had his liberty deprived of him from January 9, 2016 until February 29, 2016.

31. Due to the false testimony presented by Defendant Serrano in the Grand Jury, an indictment was returned on Jan. 20, 2016, which continued to deprive Henry Jones of his liberty.

32. In late February it was conveyed for the first time to the Court that the injury suffered by PO SHERROD STUART on the night of the arrest was caused by gun fire from NYPD. Counsel for Henry Jones was able to reduce the bail upon which Henry Jones was being held, and the family was able to post bail, releasing Henry Jones from incarceration.

33. With felony charges hanging over him for more than two years, plaintiff was found not guilty on all charges by a jury. On about March 15, 2018, he was found not guilty of all charges at trial.

34. Plaintiff was in custody for 11 days prior to indictment, and for approximately two months after indictment. He eventually paid bail and got out of jail while his charges were pending but was forced to go back to court on numerous occasions over more than two years and was facing serious felony charges all that time.

35. As a result of the Individual Defendants initiation of criminal proceedings without probable cause, Henry Jones was held and incarcerated from his arraignment on January 9, 2016 until the bail was reduced and he was released from custody on bail on or about March 8, 2016.

36. The individual defendants had an obligation, and knew they had a duty, to provide truthful information to prosecutors about their investigation and to testify truthfully in front of the Grand Jury, and at trial.

37. Despite knowing that probable cause did not exist to arrest and prosecute Henry jones, the Individual Defendants intentionally, recklessly and with malice caused Henry Jones to be detained, arrested, prosecuted and indicted.

38. The unreliable and or false information was presented to the Grand Jury to create the illusion of probable cause and the Individual Defendants knew or should have known as much.

39. Disclosure of the truth about the investigation would have revealed to prosecutors that they were without probable cause to indict and pursue the criminal case against Henry Jones.

40. Had Defendant Serrano would have testified truthfully in the Grand Jury, the Grand Jury would not have voted to indict Henry Jones.

41. Defendant Serrano acted with actual malice as demonstrated by his false testimony in front of the Grand Jury. As evidenced by the lack of probable cause for the prosecution and

Serrano's words that defendant Serrano took plaintiff to the gun and told him that it is his gun today, the defendants prosecuted him with malice.

42. Plaintiff has never been convicted of a felony or misdemeanor.

43. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

44. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

45. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

46. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his rights pursuant to the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure;

   b. Pain and suffering;

   c. Emotional trauma and suffering, including fear, embarrassment, humiliation, severe emotional distress, frustration, extreme inconvenience, and anxiety; and

   d. Loss of liberty.

**FIRST CAUSE OF ACTION**
(42 USC § 1983 – FALSE ARREST AND FALSE IMPRISONMENT
AS TO POLICE OFFICERS SERRANO AND RYAN)

47. The above paragraphs are here incorporated by reference.

48. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from false arrest and imprisonment, when they detained and imprisoned plaintiff without probable cause or reasonable suspicion, pursuant to the Fourth Amendment to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983

49. Plaintiff was aware of his confinement and did not consent to it.

50. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(42 USC § 1983 and STATE LAW – MALICIOUS PROSECUTION
AS TO POLICE OFFICERS SERRANO AND RYAN)

51. The above paragraphs are here incorporated by reference.

52. Defendants acted under color of law deprived plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from a malicious prosecution, pursuant to the Fourth Amendment to the United States Constitution and is liable to plaintiff under 42 U.S.C. §1983 and New York statutory and common law.

53. Defendants Ryan and Serrano initiated a false accusatory instrument, i.e. the Criminal Complaint, against plaintiff and Serrano continued to maliciously prosecute him by testifying falsely against plaintiff at the Grand Jury, at pre-trial hearings and the criminal trial of plaintiff.

54. There was no probable cause for plaintiff's prosecution.

55. All charges in connection with the prosecution of plaintiff terminated in his favor.

56. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the

filing of that notice, and this matter has not been settled or otherwise disposed of.

57. Plaintiff has been damaged as a result of defendants' wrongful acts.

## THIRD CAUSE OF ACTION
(RESPONDEAT SUPERIOR AS TO THE CITY OF NEW YORK)

58. The above paragraphs are here incorporated by reference.

59. Defendants' intentional tortious acts in maliciously prosecuting plaintiff were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

60. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

## FOURTH CAUSE OF ACTION
(Federal Claim for Deprivation of the Right to a Fair Trial against all Defendants)

61. The above paragraphs are here incorporated by reference.

62. Defendants Serrano and Ryan, who were police officers at the time of their actions, knowingly forwarded false information to prosecutors (verbally and in written reports) about seeing Henry Jones in possession of a gun and handing the gun to an unapprehend individual.

63. Defendant Serrano, who was a police officer at the time of his action, knowingly on or about January 13, 2016 testified falsely in the Grand Jury by stating multiple times that he saw Henry Jones in possession of a gun and that he further saw Henry Jones hand the gun to another male.

64. The forwarding of the false information to the Bronx County District Attorney's Office violated Henry Jones right to a fair prosecution and his right to a fair trial.

65. The omission of the truth and the false testimony before the Grand Jury violated Henry Jones right to a fair prosecution and his rights to a fair trial.

66. As a result of Defendants' actions, Plaintiff was harmed.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: New York, New York
February 6, 2020

Yours, etc.,

Wylie Stecklow, Esq.
WYLIE STECKLOW PLLC
233 Broadway, Suite 820
New York, NY 10279
(212) 566 8000
wylie@wylielaw.com

Cary London, Esq.
Caitlin Robin and Associates, PLLC
30 Broad St. Suite 702
New York, New York 10004
(646) 524-6026
Cary@robinandassociates.com

To: New York City Law Department
100 Church Street
New York, NY 10007
Attn; ACC Valerie Smith