

**JAMES E. JOHNSON**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**VALERIE E. SMITH**
*Senior Counsel*
Phone: (212) 356-2398
Fax: (212) 356-3509
vsmith@law.nyc.gov

February 18, 2020

**BY ECF**
Honorable Katherine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re: Henry Jones v. City of New York et al.,
        18 CV 4064 (GBD) (KHP)

Your Honor:

   I am a Senior Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney assigned to represent defendant City of New York in the above-referenced matter. Defendant writes to respectfully request (1) a modification to the unsealing order issued on February 13, 2020 (ECF No 78); and (2) an extension of time until March 4, 2020 to comply with Your Honor's February 5, 2020 Order. Plaintiff placed various conditions on his consent which defendant neither understands nor agrees with; therefore this request is made without plaintiff's consent.

   With regard to the Unsealing Order issued on February 13, 2020, defendant requests the Order be amended to include any Grand Jury testimony of Christopher Rice. Upon information and belief, Christopher Rice would have also had the opportunity to observe whether plaintiff was in possession of the loaded firearm. Therefore, if Christopher Rice testified at Grand Jury, his testimony regarding the underlying incident can be used "to impeach [him as] a witness, to refresh his recollection, to test his credibility and the like." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958). Additionally, as plaintiff alleged, "[n]one of these traditional reasons for keeping grand jury proceedings sealed apply to the case at hand. Mr. Rice's grand jury proceedings are long over and Mr. Rice has taken a plea and since December 7, 2017, has been in Ogdensburg serving a six year prison term." ECF No. 77 at *2.

   Second, defendant respectfully requests an extension of time until March 4, 2020 to comply with Your Honor's February 5, 2020 Order. Upon review of the documents produced, it appears that plaintiff produced the first and last documents of the Force Investigation Division ("FID") file (Follow-up No. 1 and Follow-up No. 2017). However, defendant is unable to determine from plaintiff's production whether he is in possession of the entirety of the file or not. In an abundance of caution and in an effort to comply with Your Honor's Order, defendant is prepared to produce the entire FID file once a Stipulation of Confidentiality and Protective Order has been judicially endorsed. As Your Honor is aware, plaintiff requested and this matter was removed from

the §1983 Plan; therefore, there is currently no Stipulation of Confidentiality and Order of Protection in place. As such, defendant forwarded plaintiff a proposed stipulation on February 14, 2020 based on the §1983 Plan Confidentiality Order. As of this writing, plaintiff has not returned the executed document to defendant. Once defendant receives the executed document from plaintiff, it will be submitted to the Court for endorsement and the remaining documents from the FID file can be provided to plaintiff.

Further additional time is necessary to determine whether any additional "sworn testimony" exists. It appears that Officers Quilesmorales and Serrano testified at Christopher Rice's Grand Jury proceedings; however, defendant is still in process of obtaining the entire court file from Bronx County Criminal Court. As such, defendant has been unable to determine whether any additional criminal proceedings related to Christopher Rice took place and whether Officers Serrano, Stuart, or Quilesmorales testified. An extension of time will allow for defendant to obtain the Bronx County Criminal Court file and determine whether there is any additional sworn testimony to be produced in accordance with Your Honor's February 5, 2020 Order.

Thank you for your considerations of the matters herein.

Respectfully submitted,

*Valerie E. Smith*

Valerie E. Smith
*Senior Counsel*

cc:   Via ECF
      Wylie Stecklow, Esq.
      Cary London, Esq.
      *Attorneys for plaintiff*