USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/05/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

HENRY JONES,

                                Plaintiff

        -against-

CITY OF NEW YORK; POLICE
OFFICER RUBEN SERRANO SHIELD NO. 13592;
POLICE OFFICER DANIEL RYAN SHIELD NO. 5262,

                                Defendants.
---------------------------------------------------------------- x

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

18 CV 4064 (GBD) (KHP)

        **WHEREAS**, defendant City of New York intends to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure; and

        **WHEREAS**, defendant City will only produce these documents if appropriate protection for their confidentiality is assured; and

        **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for Plaintiff and City Defendant as follows:

        1.     This Action shall mean <u>Henry Jones v. City of New York et. al.</u>, 18 CV 4064 (GBD)(KHP);

        2.     As used herein, without waiving the right to later interpose objections concerning these documents, "Confidential Materials" shall mean:

            (a) New York City Police Department ("NYPD") personnel and disciplinary-related records and information;

(b) NYPD records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies; and

(c) a list from the New York City Police Department that identifies plaintiff's prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests,

(d) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by the parties, or the Court.

3. The documents and information as defined in Paragraph 2 shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by the parties by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or (b) are otherwise publicly available.

4. As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party who is not the "Producing Party," as defined herein, for that document or information.

5. Producing party shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to Receiving Party's counsel.

6. Any documents produced by a non-party pursuant to a subpoena in this Action and that are designated as Confidential Material by any Party shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

7. The Producing Party reserves the right to designate any document confidential pursuant to this agreement if necessary after production of such documents.

8. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the Producing Party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

9. If Receiving Party objects to the designation of particular documents as "Confidential Materials," they shall state such objection in writing to the Producing Party, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then, within forty-five (45) days of receiving Producing Party's response to Receiving Party's objections, they shall seek judicial intervention. Any such materials or information shall remain Confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

10. A Receiving Party and that party's attorneys shall not use Confidential Materials produced in discovery in the Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

11. Attorneys for a Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation in the Action.

b. Disclosure may also be made to an expert who has been retained or specially employed by a party's attorney in anticipation of litigation or preparation for trial of the Action, to a witness at deposition, or to the Court.

c. City Defendant's attorneys may also disclose the Confidential Materials to the New York City Police Department, the New York City Comptroller's Office, and the New York City Mayor's Office, solely in connection with the defense or settlement of this Action.

d. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court),

e. Before any disclosure is made to a person listed in subparagraph (b), above, the Receiving Party's attorney shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. The attorneys for a Receiving Party making such disclosure shall retain the signed consent and furnish a copy to the Producing Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

12. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be identified by the Party claiming confidentiality within thirty (30) days of the deposition or this stipulation whichever is longer, and that Party shall separately bind the transcript of such testimony, together with any exhibits referred to therein, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation of Confidentiality and Protective Order.

13. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall

4

indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

14. Where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, Plaintiff and Defendant City may file redacted documents without further order of the Court.

15. In addition, where reasonable advance notice is given and the parties agree in writing to the use of the confidential information in support of a motion for summary judgment or any other dispositive motion by either party or at a trial on the merits in this matter, such information will not be subjected to the instant Stipulation of Confidentiality and Protective Order. In the event that the Confidential Materials may be disclosed at a hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

16. Within 30 days after the termination of this Action, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be either returned to the producing party's attorneys or, upon producing party's attorneys' consent, destroyed (except as to privilege material which shall be destroyed), and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to producing party's attorney. Notwithstanding this provision, receiving party attorneys may retain a copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Materials, so long as appropriate safeguards are imposed to prevent the use of any copies for any purpose. Any such

copies that contain or constitute Confidential Materials remain subject to this Stipulation of Confidentiality and Protective Order.

17. This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by Plaintiff or anyone receiving confidential documents pursuant to paragraph 11 herein, for any purpose without prior Court approval.

18. This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

19. The terms of this Stipulation and Protective Order shall be binding upon all current and future parties to this Action and their counsel.

20. The Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify this Protective Order at any time.

21. Nothing in this Stipulation and Protective Order shall be construed to limit the producing party's use of their respective Confidential Materials in any manner.

Dated: New York, New York
          3/4        , 2020

London Indusi LLP.
*Attorney for Plaintiff*
186 Joralemon Street
Suite 1202
Brooklyn, NY 11201

By: _____
Cary London, Esq.

WYLIE M. STECKLOW, PLLC
*Attorney for plaintiff*
233 Broadway
Suite 820
New York, NY 10279

By: _____
Wylie Stecklow, Esq.

JAMES E. JOHNSON
Corporation Counsel of the City of New York
*Attorney for Defendant City of New York*
100 Church Street
New York, New York 10007
(212) 356-5054

By: _____
Valerie E. Smith, Esq.

SO ORDERED: *Katharine H Parker*

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

Dated:     **March 5**        , 2020

0

7

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Stipulation of Confidentiality and Protective Order dated _____, 2020, entered into the action entitled <u>Henry Jones v. City of New York et. el.</u>, 18 CV 4064 (GBD) (KHP), understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____     Signature: _____

                                                     Print Name: _____

                                                    Occupation: _____