IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____X

HENRY JONES,
    *Plaintiff*,

                      18 CV 04064 (GBD)(KHP)

    v.

THE CITY OF NEW YORK, el al
    *Defendants*.
_____X


## MEMORANDUM OF LAW IN OPPOSITION TO DEFENSE MOTION FOR PARTIAL SUMMARY JUDGMENT

                      Wylie M. Stecklow
                      Wylie Stecklow PLLC
                      Attorneys for Plaintiff
                      231 W. 96th Street
                      Professional Suites 2B3
                      New York, NY  10025

                      CARY LONDON
                      Cary London Law PLLC
                      30 BROAD STREET, SUITE 702
                      NEW YORK, NY 10004

**TABLE OF CONTENTS**

| | |
|---|---|
| Table of Authorities | ii |
| Preliminary Statement | 1 |
| Statement of Facts | 2 |
| **ARGUMENT** | 5 |
| I. **Plaintiff Consents To Dismissal Of All Claims Against Detective Ryan** | 6 |
| II. **Plaintiff's Malicious Prosecution Claim Should Not Be Dismissed At Summary Judgment Because Plaintiff Has Presented Evidence To Rebut The Presumption Of Probable Cause** | 7 |
|     A. Plaintiff Relies On Admissible Police Testimony, Not On Conclusory Allegations That Defendant Serrano "*must have*" Lied | 8 |
| III. **Plaintiff's Malicious Prosecution Claim Should Not Be Dismissed At Summary Judgment Because Defendants Have Not Presented Undisputed Evidence Establishing Probable Cause** | 10 |
|     A. Non-Movant Can Rely On His Own Prior, Consistent Testimony To Oppose Summary Judgment | 12 |
| IV. **Defendants Are Not Entitled To Qualified Immunity** | 13 |
| V. **Because Summary Judgment Is Not Appropriate Plaintiff's Respondeat Superior Claims Should Not Be Dismissed** | 14 |

## TABLE OF AUTHORITIES

*CASE CITATIONS*

*Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242 (1986) ………………………………….  5

*Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460 (S.D.N.Y. 1998) (J. Sotomayor)………….  12

*Berman v. Durkin*, 2017 U.S. Dist. LEXIS 35523  (N.D.N.Y. Mar. 10, 2017) ………….  12

*Boyd v. City of New York*, 336 F.3d 72, 77 (2d Cir. 2003) ………………………………  8

*Brandon v. City of New York*, 705 F. Supp. 2d 261 (S.D.N.Y. 2010) ……..…………..  7, 8, 13

*Chodkowski v. City of New York*, 2007 U.S. Dist. LEXIS 67822 (S.D.N.Y. 2007) ……  9

*Colon v. City of New York*, 60 N.Y.2d 78 (1983) ………..…………………………………  7

*Cousin v. White Castle Sys.*, 2009 U.S. Dist. LEXIS 57079  (E.D.N.Y. July 6, 2009) ….  10

*Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775 (2d Cir. 2003) ……..………….  5

*Debrosse v. City of N.Y.*, 739 Fed. Appx. 48 (2d Cir. 2018) ……………………………  9

*Demaitre v. City of New York*, 2020 U.S. Dist. LEXIS 189206  (S.D.N.Y. 2020) ……..  9

*Ferraro v. N.Y.C. Dep't of Educ.*, 752 F. App'x 70  (2d Cir. 2018) ……..……………….  5, 14

*Gil v. County of Suffolk*, 590 F. Supp. 2d 360, 370 (E.D.N.Y. 2008) …………………..  9

*Higgenbottom v. City of N.Y.*, 2008 U.S. Dist. LEXIS 138637  (S.D.N.Y. Nov. 21, 2008) 10, 13

*Jeffreys v City of NY*, 426 F3d 549, 554 (2d Cir 2005) …………………………………  12

*Kaytor v. Elec. Boat Corp.*, 609 F.3d 537 (2d Cir. 2010)  ………….……………..  5

*Lewis v. New York*, 591 Fed. Appx. 21 (2d Cir. 2015) ………………………………  8, 9

*Lucente v. IBM Corp.*, 310 F.3d 243 (2d Cir. 2002)  ………………………………….  5

*McLaurin v. Falcone*, 2007 U.S. App. LEXIS 1839 (2d Cir. Jan. 25, 2007) ……………  14

*Meng Lin v. City of N.Y.*, U.S. Dist. LEXIS 147376  (E.D.N.Y. Aug. 29, 2018) ………..  12

*Peterson v. Regina*, 935 F. Supp. 2d 628 (S.D.N.Y. 2013) ……………………………… 9

*Plotzker v. Kips Bay Anesthesia, P.C.*, 745 F. App'x 436 (2d Cir. 2018) ………………… 12, 13

*Redd v. N.Y. State Div. of Parole*, 678 F.3d 166, 174 (2d Cir. 2012) ……………………. 6

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000) ……………………. 5

*Rentas v. Ruffin*, 816 F.3d 214 (2d Cir. 2016) ..………………………………………….. 12

*Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11 (2d Cir. 2012) …………. 13

*Robison v. Via*, 821 F.2d 913 (2d Cir. 1987) ..…………………………………………… 14

*Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98 (2d Cir. 2011) ………….. 13

*Scott v. Harris*, 550 U.S. 372 (2007) ..…………………………………………………... 11

*United States v. Rem*, 38 F.3d 634 (2d Cir. 1994)   ..……………………………………… 5, 14

*Watson v. Grady*, 2015 U.S. Dist. LEXIS 60719  (S.D.N.Y. 2015) …………………….. 9

OTHER CITATIONS

Fed. R. Civ. P. 56(e) ADVISORY COMMITTEE NOTE (1963) ……………….…………. 6

**Preliminary Statement**

The bringing of this motion represents a waste of the Court's time for two reasons.

First, Defendants have not moved to dismiss Plaintiff's Falsification of Evidence of claim. Thus, a trial of this matter will be held by this Court regardless of the outcome of this motion. Moreover, trial of that claim will require the jury to determine whether Defendant P.O Serrano lied when he informed Detective Daniel Ryan that he saw Plaintiff hand off a firearm to an unidentified and unapprehended individual. And yet, that is the *exact same fact* that a jury will determine at trial of Plaintiff's malicious prosecution claim. Even if successful, which it cannot be for reasons explained below, this motion can only delay, not foreclose, a trial.

Second, as Plaintiff's counsel pointed out to Corporation Counsel in correspondence following the filing of this motion, Defendants' summary judgment motion is legally frivolous. It asks the Court to make credibility determinations, to choose between two conflicting versions of events. It is of course black letter law that the Court cannot do so.

Contrary to Defendants' assertion, Plaintiff does not ask the Court to accept an unsupported, self-serving, conclusory allegation that he did not have a gun and did not pass off a gun to an unidentified individual. Instead, Plaintiff asks that a jury consider the testimony of two police officers, both of whom were closer to Plaintiff at the scene, one of whom was standing "directly in front of him," and both of whom testified that they did not see Plaintiff with a gun.

Defendants also argue that an ambiguous video of Plaintiff taken by a surveillance camera on the street, and some stills taken from it, a video recorded when Plaintiff was not even in Defendant Serrano's sight, settle the matter and provide a basis for this Court to supplant a jury. The video is not clear and does not clearly contradict Plaintiff's account. No law supports Defendants' that summary judgment can be granted on the basis of the video in this case.

Plaintiff warned Corporation Counsel in correspondence that this motion could be sanctioned under Rule 11 of the Federal Rules of Civil Procedure.  However, Plaintiff has not expended the time and resources to prepare such a motion as that Rule requires such a motion to be served 21 days before filing, so counsel for plaintiff believes that the filing of that warranted motion would only further delay this matter moving towards trial.  Notwithstanding, Defendants' motion can only be granted if the Court makes a credibility determination at summary judgment.  Corporation Counsel has thus wasted the parties' and the Court's time in an effort to delay a trial, not to prevent one.

For all of the reasons discussed herein, the Court should deny Defendants' motion.

**Statement of Facts**

In the early morning hours of January 9, 2016, Defendant P.O Serrano and non-party P.O. Quiles-Morales responded to a 911 call, arriving on the scene at 137th Street and Third Avenue in the Bronx, near the Mitchell Houses.

Defendant P.O. Serrano and P.O. Quiles-Morales first spotted three individuals walking away from a fight that was ongoing on Third Avenue, but the individuals "disappeared into the development" and the officers lost sight of them. (Def's. 56.1 ¶¶ 10, 11.)  Shortly thereafter, on 136th Street, the officers saw a second group of three individuals approximately halfway up the block walking toward them, and this second group of individuals began to run when they reached Lincoln Avenue.  (Def's. 56.1 ¶ 12.)

The officers did not know if the individuals they had seen on 137th Street were the same individuals they saw on 136th Street, and who began running once they reached Lincoln Avenue.  When asked if the two groups were the same people, Officer Quiles-Morales testified: "I can't tell you that."  (Def's. 56.1 ¶ 13.)

The officers then heard gunshots. They rounded the corner of Lincoln Ave. and 136th Street, and again spotted the three individuals, on Lincoln Ave., now closer to 137th Street. (Pl's. 56.1 ¶¶ 1-2.)

Defendant Serrano testified that lighting conditions were not good and that he could not see who was holding a gun. (Pl's. 56.1 ¶ 8.) Nonetheless, and inconsistently with that testimony, Serrano also testified that, although he could not see who was firing, he somehow could see Henry Jones hand a gun to an unidentified individual who was never apprehended. (Pl's. 56.1 ¶ 9.)

P.O. Quiles-Morales testified that when he was chasing the shooter on Lincoln Ave. between 136th and 137th Streets, and then eastbound through a driveway off Lincoln Ave., Officer Serrano was behind him. (Pl's. 56.1 ¶ 16.) Non-party Officer Stuart also testified that one of the officers was significantly ahead of the other. (Pl's. 56.1 ¶ 20.) Serrano testified that at 137th Street and Lincoln Avenue, he was one to one and a half car lengths behind Officer Quiles-Morales. (Pl's. 56.1 ¶ 7.) As Officer Quiles-Morales rounded the corner of Lincoln Ave. and 136th Street, he could not see Serrano, and he still could not see Serrano when he was on Lincoln Ave. chasing the three individuals. (Pl's. 56.1 ¶¶ 17, 18.)

Defendant P.O. Serrano testified that as they came around the corner of Lincoln Ave. and 136th Street, he saw a muzzle flash. (Pl's. 56.1 ¶ 3.) P.O. Quiles-Morales was about 50 feet away from the shooter, with Serrano behind him. (Pl's. 56.1 ¶¶ 15, 16.) When he saw the muzzle flash, P.O. Quiles-Morales returned fire while Defendant P.O. Serrano was still behind him. (Pl's. 56.1 ¶¶ 19, 21, 25.) Plaintiff was in front of and further away from him than were the shooter, non-party Christopher Rice, and an unidentified third person. (Pl's. 56.1 ¶ 19.) P.O.

3

Quiles-Morales was in a driveway approximately 150 feet from the corner of Lincoln Ave. and 136th Street when he shot Rice.  (Pl's. 56.1 ¶ 22.)

P.O. Quiles-Morales testified that when he "took my first shot," Henry Jones "was directly in front of me, probably five to ten feet in front of me".  (Pl's. 56.1 ¶ 24.)  He also testified that Plaintiff was "standing directly in front of me" and that "I didn't see him with a firearm."  (Pl's. 56.1 ¶¶ 26.)

Non-party Officer Stuart testified at deposition that he could see Christopher Rice with a gun but that he could not see Plaintiff with a gun.  (Pl's. 56.1 ¶¶ 27-28.)

Nonetheless, Plaintiff was arrested by Detective Daniel Ryan on the basis of statements made to Detective Ryan by Defendant P.O. Serrano that Defendant had a gun.  (Pl's. 56.1 ¶ 29; See also Def's. 56.1 ¶ 38.)  The Criminal Complaint against Plaintiff states that Defendant Serrano told Detective Ryan that he "observed [Plaintiff] to be holding what appeared to be a firearm and then hand said firearm to an unapprehended male individual." (Pl's. 56.1 ¶ 30.)

Plaintiff testified before the Grand Jury that after the shooting, "[n]ext thing I know they are bringing me from Point A to Point B, to a loaded firearm that was in the grass, and I told the Officer that brung me over that's not mine. He was like, shut up, it's yours today. I never even had possession of that firearm. I never transacted that firearm to nobody. I never shot that gun. I never did none of that."  (Pl's. 56.1 ¶ 27.)

Plaintiff was indicted on January 20, 2016.  (Def's. 56.1 ¶ 33.)  He stood trial on three of the weapons possession charges cited in the Criminal Complaint as a result of Defendant Serrano's statements to non-party Detective Ryan. (Def's. 56.1 ¶¶ 40, 41.)  Both Defendant Serrano and P.O. Quiles-Morales testified at Plaintiff's trial.  Plaintiff did not testify at trial.  Plaintiff was acquitted of all charges.  (Pl's. 56.1 ¶ 34.)

4

After bringing this action, Plaintiff was deposed by Defendant City of New York. He testified consistently with his Grand Jury testimony. He was asked directly, "[d]id you have a gun?" and answered, "No." When again asked directly, "[d]id you ever see a gun?", Plaintiff again answered, "No." (Pl's. 56.1 ¶ 35.) When asked, "[d]o you know whose gun it was?" and "[d]o you know where that gun came from?", Plaintiff answered in response to both questions, "No." (Pl's. 56.1 ¶ 36.)

## **ARGUMENT**

In assessing whether summary judgment is proper, the Court construes the evidence in the light most favorable to the non-moving party. *Lucente v. IBM Corp.*, 310 F.3d 243, 253 (2d Cir. 2002). The Court "must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003).

"In reviewing the evidence and the inferences that may reasonably be drawn, the court '*may not make credibility determinations or weigh the evidence. . . . 'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge'*.'" *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545-46 (2d Cir. 2010) (emphasis in original) (quoting *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000) (quoting *Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242 (1986)).). "Resolutions of credibility conflicts and choices between conflicting versions of the facts are matters for the jury, not for the court on summary judgment." *United States v. Rem*, 38 F.3d 634, 644 (2d Cir. 1994); *Ferraro v. N.Y.C. Dep't of Educ.*, 752 F. App'x 70, 72 (2d Cir. 2018) (same).

This long established, fundamental black letter principle is particularly applicable where, as here, "an issue as to a material fact cannot be resolved without observation of the demeanor of

5

witnesses in order to evaluate their credibility," and <u>mandates</u> that in such instances, "summary judgment is not appropriate." *Redd v. N.Y. State Div. of Parole*, 678 F.3d 166, 174 (2d Cir. 2012) quoting Fed. R. Civ. P. 56(e) ADVISORY COMMITTEE NOTE (1963).

Here, as shown below, summary judgment is not appropriate because the issue of whether probable cause to arrest plaintiff existed cannot be determined without an assessment of Defendant P.O. Serrano's credibility. There is ample evidence in the record from which a reasonable jury could conclude that Serrano's statements to Detective Ryan, statements which were the basis of Plaintiff's arrest, were not truthful. A jury must be given the opportunity to evaluate Defendant Serrano's statements in order to determine the ultimate issue in this case.

### I. <u>Plaintiff Consents To Dismissal Of All Claims Against Detective Ryan</u>

Based on the Affidavit of Detective Daniel Ryan submitted in support of Defendants' motion, Plaintiff consents to the dismissal with prejudice of all claims against Detective Ryan. Counsel for Plaintiff, who entered this case in the very late stages of discovery, did not depose Detective Ryan. Prior to moving for summary judgment, Defendants never provided any evidence about Detective Ryan's knowledge – or, as the case now appears to be, his lack of knowledge – of the events at issue in this action. Although the parties held multiple meet and confer conferences, during and in preparation for which current counsel repeatedly asked Corporation Counsel the basis for its summary judgment motion, Corporation Counsel never disclosed the basis for summary dismissal of the claims against Detective Ryan. Now that Corporation Counsel has, albeit very belatedly, provided the information which counsel repeatedly requested, Plaintiff agrees that Detective Ryan is not a proper defendant in this action, and that all claims against him here should be dismissed with prejudice.

## II. Plaintiff's Malicious Prosecution Claim Should Not Be Dismissed At Summary Judgment Because Plaintiff Has Presented Evidence <u>To Rebut The Presumption Of Probable Cause</u>

Defendants move for summary dismissal of Plaintiff's malicious prosecution claim against Defendant Serrano solely on the basis of probable cause. Defendants argue only that Serrano had probable cause to arrest Plaintiff, and that Plaintiff has presented no evidence to rebut the presumption of probable cause that as a matter of law arises from an indictment. Defendants address no other element of Plaintiff's malicious prosecution claim in their motion. To be clear, in their moving papers Defendants do not argue that any other element of Plaintiff's malicious prosecution claim against Defendant Serrano fails. Accordingly, in Opposition to Defendants' motion, Plaintiff addresses below only Defendants' arguments concerning probable cause.

Defendants contend that the presumption of probable cause created by the Grand Jury indictment forecloses Plaintiff's claims. Defendants are incorrect. A plaintiff may overcome the presumption "'by evidence establishing that the police witnesses have not made a complete and full statement of the facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise acted in bad faith.'" *Brandon v. City of New York*, 705 F. Supp. 2d 261, 272 (S.D.N.Y. 2010) (denying summary judgment where fellow officer did not see plaintiff throw an object, as arresting officer claimed to have seen) *quoting Colon v. City of New York*, 60 N.Y.2d 78, 82-83 (1983).

In *Brandon*, where the arresting officer's testimony that he saw plaintiff "throw an object" was contradicted by testimony of a second officer who, like Officer Quiles-Morales and Officer Stuart here, had been in close proximity to the plaintiff, the court held the presumption of probable cause created by indictment had been rebutted. *Brandon*, 705 F. Supp. 2d 261 at 270, 274. The court held that in light of the second officer's testimony, "the Court moves beyond a

7

simple conflict of stories or mistaken memories and into the possibility that [the arresting officer] did not observe [plaintiff] toss the bag of cocaine but lied in order to secure an indictment." *Id.*, at 274. The City's motion for summary judgment was denied because "a jury could reasonably find that the indictment was secured through bad faith or perjury, and that there was malicious prosecution of [Plaintiff]. Therefore, the issue of probable cause cannot be resolved by summary judgment." *Id.* quoting *Boyd v. City of New York*, 336 F.3d 72, 77 (2d Cir. 2003).

This case is on all fours with *Brandon* and summary judgment should be denied. Like the second officer in *Brandon*, P.O. Quiles-Morales was in close proximity to Plaintiff – indeed he was closer to Plaintiff than Defendant Serrano was – and did not see what Defendant Serrano claims to have seen. P.O. Quiles-Morales testified that Plaintiff "was directly in front of me, probably five to ten feet in front of me" and that "I didn't see him with a firearm." (Pl's. 56.1 ¶¶ 20, 22). P.O. Quiles-Morales and P.O. Stuart's testimony that they did not see Plaintiff with a gun contradicts Defendant Serrano's testimony and corroborates Plaintiff's testimony, and thus summary judgment is not appropriate. *Boyd v. City of New York*, 336 F.3d 72, 77 (2d Cir. 2003) (reversing grant of summary judgment on malicious prosecution claim). As in *Brandon* and *Boyd*, a jury is required to determine whether Defendant Serrano's testimony is truthful.

### A. Plaintiff Relies On Admissible Police Testimony, Not On Conclusory Allegations That Defendant Serrano "*must have*" Lied

Plaintiff here relies on the testimony of two Officers, not solely on his own testimony and thus Defendants' reliance on cases in which the only evidence presented by the plaintiff was his own testimony (Br. at 9) is misplaced. Defendants rely on a number of cases in which the plaintiff, with no supporting evidence, simply alleged that the defendant "*must have*" lied, as in *Lewis v. New York*, 591 Fed. Appx. 21 (2d Cir. 2015) discussed below. Plaintiff does not assert, as Defendants wrongly claim, that Defendant Serrano '*must have*' lied. (Br. at 9.) Plaintiff

8

relies on evidence, not on conclusory allegations, specifically on the testimony of other officers, unlike the plaintiffs in *Peterson v. Regina*, 935 F. Supp. 2d 628 (S.D.N.Y. 2013) and *Gil v. County of Suffolk*, 590 F. Supp. 2d 360, 370 (E.D.N.Y. 2008) and Defendants' other cases discussed below. It is undisputed and indisputable that both P.O. Quiles-Morales and P.O. Stuart did not see Plaintiff with a gun (Pl's. 56.1 ¶¶ 22, 23), and that neither testified to seeing Plaintiff with an object in his hand. In light of those officers' prior testimony, Plaintiff is entitled to have a jury hear and consider all of the officers' testimony at trial.

Given the record evidence here, the cases Defendants rely on are not instructive. In *Lewis v. City of New York*, the plaintiff alleged "only that the defendant officers *must have* fabricated evidence in light of [plaintiff's] version of the events and his ultimate acquittal." 591 Fed. Appx. 21, 22 (2d Cir. 2015) (italics in original). In *Peterson v. Regina*, 935 F. Supp. 2d 628, 643 (S.D.N.Y. 2013), the plaintiff "supplied only his suspicions of impropriety." *See also Demaitre v. City of New York*, 2020 U.S. Dist. LEXIS 189206, *8 (S.D.N.Y. 2020) ("Plaintiff does not explain what was false in [defendant's] report or in the correction officer's testimony"); *Gil v. County of Suffolk*, 590 F. Supp. 2d 360, 370 (E.D.N.Y. 2008) (plaintiff relied "on conclusory and speculative allegations of what he believes to be [defendant's] motives and unconstitutional practices of the SCPD for arresting teenagers to raise an inference of bad faith."); *Chodkowski v. City of New York*, 2007 U.S. Dist. LEXIS 67822, *22 (S.D.N.Y. 2007) (no allegation of misconduct); *Debrosse v. City of N.Y.*, 739 Fed. Appx. 48 (2d Cir. 2018) (only admissible evidence was from witness who "plainly testified that the police officers complied with their procedures, and she flatly denied that the police officers suggested that [plaintiff] was a suspect or pressured her in any way"); *Watson v. Grady*, 2015 U.S. Dist. LEXIS 60719, *53

(S.D.N.Y. 2015) ("Plaintiff has failed to offer any evidence, other than his own version of events, to show that the evidence presented before the grand jury was fraudulent or perjurious."

None of the cases relied upon by Defendants are relevant because none involve – as *Brandon* did and as this case does – evidence that raises a genuine issue of fact regarding the misconduct on the part of the Defendant Serrano which plaintiff alleges. Plaintiff offers the testimony of two police officers who were at the scene, and who were closer to Plaintiff than was Defendant Serrano, and who did not see what defendant Serrano claims to have seen. A jury should hear that testimony, and a jury rather than this Court should determine whether Detective Serrano testified truthfully or not.

### III. Plaintiff's Malicious Prosecution Claim Should Not Be Dismissed At Summary Judgment Because Defendants Have Not Presented <u>Undisputed Evidence Establishing Probable Cause</u>

Defendants argument that "undisputed facts confirm there was probable cause to arrest and prosecute" Plaintiff (Br. at 6) ignores the evidence in this case. Indeed, Defendants can only prevail on this motion if the Court finds that Defendant Serrano's testimony is credible.

Crucially, Defendants assert as fact that "Officer Serrano also observed plaintiff holding an object in his hand," and further that "video surveillance" confirms this. (Br. at 6.) That is the entire crux of Defendants' case. But neither of these supposed "facts" is undisputed.

First, the video and still photographs taken from the video do not indisputably show that Plaintiff is holding an object and do not render Defendant's asserted facts undisputed. Rather a jury is required to assess that footage. *Higgenbottom v. City of N.Y.*, 2008 U.S. Dist. LEXIS 138637, at *5 (S.D.N.Y. Nov. 21, 2008) (denying motion for judgment as a matter of law because "footage is taken from a fixed angle at an appreciable distance, and the pictures are not as distinct and clear as Plaintiffs would ask this Court to believe."); *Cousin v. White Castle Sys.*, 2009 U.S. Dist. LEXIS 57079, at *13 (E.D.N.Y. July 6, 2009) (because of low picture quality

10

"surveillance video [was] not dispositive of the issues raised by defendant's motion for summary judgment"). Whether Plaintiff was holding anything at all is a disputed fact. Defendants nonetheless ask the Court to make this factual determination.

Defendants reliance on *Scott v. Harris*, 550 U.S. 372 (2007), is very badly misplaced. In *Scott*, the Supreme Court held that the trial court had erred in adopting a plaintiff's version of the facts in opposing summary judgment where a videotape directly contradicted his testimony. The Court found that although the lower court accepted the plaintiff's testimony that he had been a "cautious and controlled driver . . . what we see on the video more closely resembles a Hollywood-style car chase of the most frightening sort." *Id*., at 380. Such discrepancy and contradiction is not what the video shows here. Rather, as in *Higgenbottom*, the video here is "not as distinct and clear as [Defendants] would ask this Court to believe." The video does not provide a basis for summary dismissal of Plaintiff's claim. Defendants' motion should be denied.

Second, whatever they show, the video and stills cannot possibly indisputably corroborate Defendant Serrano's testimony, because there is no evidence that the video was recorded while Plaintiff was in Defendant Serrano's sight.

Moreover, Defendants cite no other evidence about Plaintiff that can support probable cause. Defendants cite evidence that Plaintiff was a short time later near two other individuals, one of whom threw a gun to the ground. (Br. at 6-7.) Standing alone, this could not possibly provide probable cause to arrest Plaintiff, and indeed Defendants do not contend that it could. Even by Defendant's account, probable cause might conceivably exist only if Defendant Serrano's statement that he saw Plaintiff with an object is true. Whether Defendant Serrano did

11

in fact see an object in Plaintiff's hand is a central disputed issue here, and summary judgment is not appropriate. Plaintiff denies that he was carrying any object. (Pl.'s Responsive 56.1 ¶ 21.)

### A. A Non-Movant Can Rely On His Own Prior, Consistent Testimony To Oppose Summary Judgment

In addition, although Plaintiff does not primarily rely on his own testimony, Defendants are also simply wrong that Plaintiff may not rely on his testimony at summary judgment. Rather, "at summary judgment, [plaintiff] was entitled to rely on his own testimony to establish his malicious prosecution claim." *Rentas v. Ruffin*, 816 F.3d 214, 221 (2d Cir. 2016) (district court erred in granting summary judgment on malicious prosecution claim based on failure "to present independent evidence that the defendants lied to prosecutors").

A non-movant's testimony is normally sufficient to raise a question of fact on a summary judgment motion. *Plotzker v. Kips Bay Anesthesia, P.C.*, 745 F. App'x 436, 438 n.1 (2d Cir. 2018). Where the non-movant's testimony is consistent with his prior account, as here, his testimony of course will not be assessed by the Court. Rather, only "in the rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete," may a Court "make[] some assessment of the plaintiff's account." *Jeffreys v City of NY*, 426 F3d 549, 554 (2d Cir 2005). *See also Meng Lin v. City of N.Y.*, No. 16-cv-2270 (ERK) (PK), 2018 U.S. Dist. LEXIS 147376, at *10 (E.D.N.Y. Aug. 29, 2018) (same); *Berman v. Durkin*, No. 9:13-CV-0136 (LEK/DJS), 2017 U.S. Dist. LEXIS 35523, at *27 (N.D.N.Y. Mar. 10, 2017) (same).

Indeed, only "when the facts alleged are so contradictory that doubt is cast upon their plausibility, [may the court] pierce the veil of the complaint's factual allegations . . . and dismiss the claim." *Jeffreys*, 426 F3d at 555, *quoting Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 470 (S.D.N.Y. 1998) (J. Sotomayor); *see also, Rojas v. Roman Catholic Diocese of Rochester*, 660

F.3d 98, 106 (2d Cir. 2011) (same). Thus, where, as here the non-movant's testimony "does not allege the occurrence of something that he previously described as not happening," the District Court must not disregard his testimony to dismiss his claims at summary judgment. *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 22-23 (2d Cir. 2012) (vacating summary judgment and remanding for further proceedings). The Second Circuit has therefore warned that "such cases are rare, and that credibility judgments are, as a general matter, reserved for the jury." *Plotzker, P.C.*, 745 F. App'x at 438 n.1.

Here, Plaintiff's prior testimony is consistent. Plaintiff repeatedly testified that he had no gun, both before the Grand Jury and in a deposition in this matter. He testified to the Grand Jury that after Officer Serrano brought him, handcuffed, "to a loaded firearm that was in the grass, and I told the Officer that brought me over that's not mine. He was like, shut up, it's yours today. I never even had possession of that firearm. I never transacted that firearm to nobody. I never shot that gun. I never did none of that." (Pl's. 56.1 ¶ 27.) At his deposition, Plaintiff testified consistently with his Grand Jury testimony, answering "No" when asked, "[d]id you have a gun?"; "[d]id you ever see a gun?"; "[d]o you know whose gun it was?" and "[d]o you know where that gun came from?" (Pl's. 56.1 ¶¶ 35, 36.)

### IV. Defendants Are Not Entitled To Qualified Immunity

Defendants rely on the same *exact* factual assertions to contend that Defendant Serrano is entitled to qualified immunity. (*Compare*, Br. at 6 and 12.) Defendants argue that "plaintiff cannot seriously dispute that he had an object in his hand, as there is video footage showing him with an object." (Br. at 12.) As demonstrated above, *Scott* is inapposite here because the video is "not as distinct and clear as Plaintiffs would ask this Court to believe."); *Higgenbottom*, 2008

13

U.S. Dist. LEXIS 138637, at *5.  A jury is therefore needed to assess the video before the Court can determine the legal issue of qualified immunity.  Defendants' motion should be denied.

*Brandon*, where the court denied summary judgment holding that qualified immunity could not serve as the basis for dismissal at summary judgment because disputed facts exist, is again instructive.  *Brandon*, 705 F. Supp. 2d at 271 (denying summary judgment on malicious prosecution claim, holding that, "Defendant Salim is not entitled to qualified immunity because disputed facts exist as to whether Brandon tossed the bag of drugs.")  An "arresting officer is entitled to qualified immunity as a matter of law if the *undisputed facts* and all permissible inferences favorable to the plaintiff show . . . that officers of reasonable competence could disagree on whether the probable cause test was met." *Robison v. Via*, 821 F.2d 913, 921 (2d Cir. 1987) (emphasis added); *McLaurin v. Falcone*, 2007 U.S. App. LEXIS 1839, at *3 (2d Cir. Jan. 25, 2007) ("[b]ecause there are disputes of fact here . . . the District Court's grant of qualified immunity was premature.")  Here the central disputed fact is whether Defendant Serrano saw Plaintiff hand a gun to an unidentified and unapprehended individual.  One jury has already found that he did not.  Defendants ask the Court to determine that Defendant Serrano's testimony was truthful and that Plaintiff's was not, but "choices between conflicting versions of the facts are matters for the jury, not for the court on summary judgment." *Rem*, 38 F.3d at 644; *Ferraro*, 752 F. App'x at 72.

      **V.**    **Because Summary Judgment Is Not Appropriate Plaintiff's Respondeat Superior Claims Should Not Be Dismissed**

Defendant City of New York asks the Court to dismiss Plaintiff's *respondeat* claim against it, because, it contends, Defendant Serrano is entitled to summary judgment on Plaintiff's malicious prosecution claim.   For all of the reasons stated above, Defendants' motion should be

14

denied. Accordingly, Defendant City's motion to dismiss Plaintiff's *respondeat* claim should also be denied.

Dated: New York, New York
January 25, 2021

-/s/-
_____
Wylie Stecklow PLLC
Wylie M. Stecklow, Esq.
Co-Counsel for Plaintiff
231 W. 96th Street
Professional Suites 2B3
New York, NY 10025

Cary London, Esq.
Co-Counsel for Plaintiff
30 Broad Street, Suite 702
New York, NY 10004

TO:  By ECF
Honorable George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Jessica C. Engle, Esq.
*Attorney for Defendants*

15